**UNITED STATES DISTRICT COURT**  **EASTERN DISTRICT OF TEXAS**

JOHNNY RAY MARTIN, §
 §
 Petitioner, §
 §
versus § CIVIL ACTION NO. 1:12-CV-166
 §
DIRECTOR, TDCJ-ID, §
 §
 Respondent. §

# MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Johnny Ray Martin, an inmate confined at the Pack I Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of the court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge concerning the petition. The magistrate judge recommends the petition be denied.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation, as well as amended objections. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Petitioner entered a plea of guilty to the charge of unlawfully carrying a handgun on a licensed premises. The state court accepted the plea of guilty, deferred adjudication of guilt and placed petitioner on community supervision. Petitioner's placement on community supervision

was subsequently revoked and he was sentenced to ten years of imprisonment. The revocation was based on the state court's conclusion that petitioner had violated the terms of his placement on community supervision by committing the offense of driving while intoxicated. Petitioner entered a plea of true to the allegation that he had violated the terms of his placement on community supervision.

Petitioner asserted four grounds for review regarding the revocation proceeding. The magistrate judge concluded that review of three of petitioner's grounds for review were procedurally barred and that the remaining ground for review was without merit. In his objections, petitioner states his community supervision should not have been revoked because the charge of driving while intoxicated, which led to the revocation, was later dismissed and that no indictment regarding this charge was returned prior to the date of the revocation proceeding.

The terms under which petitioner was placed on community supervision required that he "[c]ommit no offense against the laws of the State or of any other state or of the United States." The terms did not require that petitioner have been convicted of an offense or that an indictment be returned against him before his community supervision could be revoked. The United States Court of Appeals for the Fifth Circuit has upheld a revocation of probation proceeding where the criminal charges that led to the revocation proceeding were dismissed prior to the date on which the proceeding occurred. *United States v. Clanton*, 419 F.2d 1304, 1305 (5th Cir. 1970). In addition, the Fifth Circuit has held in the parole context that conviction of a criminal charge is not a constitutional prerequisite to revocation. *Amaya v. Beto*, 424 F.2d 363, 364 (5th Cir. 1970). As a result, the fact that petitioner was never convicted of the charge which led to the revocation proceeding does not provide him with a basis for relief.

# ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered denying the petition.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a final judgment denying habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, the petitioner has not shown that the issues raised in the petition are subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 2nd day of May, 2014.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE